1 second OK, Mr Mann. May it please the Court. My name is James Mann. I'm a partner with Becker and Polyakov. And we represent Joe Lingott in this appeal. This motion is seeking a continuation of bail. As your Honor knows. Can you adjust the microphone so we can hear you. I'm so sorry.      This motion is simply for a continuation of bail. I'm happy to see that the author of one of the two cases that I'm attempting to convince the Court not to follow is right over here. Do you think Judge Cabranes was wrong in Copeland? You know, Judge Cabranes' decision is one of the most brilliant decisions I have ever read. I suspected you would embrace it. I agree. And the reason I'm saying that is he recognized that what we're dealing with here is a common law crime that should not have been decided the way it was. That's the problem, is that you're sort of asking us to not follow prior cases of the Court. So I could agree with you that the Supreme Court was over-reading the statute in 1910 and 1924. And that we did the same in 1957 in Klein. But at this point, it's been. And then it was, you know, maybe we shouldn't have even adhered to it in 2012, although it was precedent at that point. At this point, it's been the law for about a century. May I? So even though I might agree with you that if we were deciding the question on a blank slate, it might be decided differently, why do you think that you have a likelihood or even a possibility of convincing the Court not to follow the prior case? I have a number of reasons, Your Honor. First of all, okay, the Klein decision was not even decided under the 1954 Internal Revenue Code. It was the 1939 code. In 1954, the current code was passed, and in that provision was Code Section 7212 and 7214. 7212 specifically addressed the criminal conduct of obstruction of the administration of the tax laws. 7214, Your Honor, actually talks about conspiracy to defraud the United States. But you know what it's limited to? Employees of the Internal Revenue Service. This was not brought to the attention of Judge Cabranes when he decided Copeland. That's number one. So you're saying the change in the tax code should alter our understanding of the interpretation of 371? Oh, absolutely, Your Honor. And so how does that work? If in Klein we said that 371 covers acts of concealment of income to defraud the United States, why does this change mean we understand that statute hasn't changed? As I wrote in my memorandum of law, and obviously you'll be getting a far better presentation on December 9th when we file our briefs, okay, Judge Scalia, another brilliant jurist, almost as brilliant as Judge Cabranes, but Judge Scalia actually wrote a book about this. And one of the areas he talked about was when you're dealing with a statute, you have the general versus the specific. And when a specific statute specifically deals with the criminal conduct that is envisioned, then the general statute no longer applies. Well, that's true, but if there is an existing statute that we have interpreted broadly and that is the bonding precedent, and then Congress comes along and passes a completely different statute that does something specific, I mean, the assumption there is that actually Congress understands the background law and didn't intend to displace it unless it did so explicitly. So to get your point, if at the time we were deciding Klein, there was a general statute and one more specific, it means we shouldn't read the general one broadly. But here you're saying Congress is legislating specifically against the backdrop of the general statute, which they left unchanged, right? Well, the conspiracy to defraud the United States, when it was originally passed back in the 19th century, shortly after the Civil War, was designed to stop people from stealing from the government money or property. That was expanded in dicta by two Supreme Court cases, one of which actually held that the conspiracy statute didn't apply there. This was a draft evasion case. But nevertheless, Your Honor, what I'm also pointing out in our brief, and obviously, Your Honor, this is a simple bail application. And all we're — all I'm arguing now is that we have a substantial issue. That's under Randall. That's the decision that Your Honor has decided. Randall basically says that it's a substantial issue, that if the appellant is successful, it's likely to result in a reversal. But the substantial issue has to be — I mean, it can't just be a substantial issue that, as an academic matter, maybe some prior precedent is incorrect. The substantial issue has to be that you have a real chance of prevailing. And I'd like to — I'd like to address that, if I could. I only have 16 seconds. But we have — at the time that Copeland was decided, only one case was cited, Skilling, saying the way the Supreme Court was going. Now we have an entire mountain of Supreme Court decisions, a 6-3 majority, basically telling us over and over again that we're no longer going to allow these very general, ambiguous statutes to apply, especially when you have them. So you have a trend in the law that says we shouldn't overread general statutes, but that doesn't overturn our prior precedent. Could I — could I address that? I have — Yeah, sure. No, it's — if I have a question, you can respond. I'm sorry, Your Honor. What I have learned in my research, with the help of my colleagues, is that where, in fact, the Supreme Court decisions, although not directly on point, start casting doubt on precedent of the Second Circuit, that allows the Second Circuit to revisit an issue. And this is an issue, Your Honor, that requires revisitation. OK. So your position is that you think these subsequent precedents have cast enough doubt on Klein that we shouldn't regard it as binding anymore. Is that your position? Yes, Your Honor. And I'm not asking you to make an ultimate decision. If we didn't agree with that, if we thought that it wasn't enough for us to depart from our prior precedent, that means you haven't raised a substantial question, right? So everything turns on this analysis as to whether the subsequent precedent really has cast doubt on our decision. No, it does not. And I'll tell you why, Your Honor. Copeland did not deal with 7212 or the change of the tax code. So we have a plethora of issues, I believe, enough to allow, Your Honor, to continue bail and allow me to make my point before this panel or another one, however that turns out. That's my position. Why don't you turn for a moment to the prudential question of whether bail should be granted here. He was sentenced for how much time? He was sentenced to 24 months, which was a substantial departure from the guidelines. And he is to surrender at the end of this week, on November 22nd, so that this is, in effect, an emergency request. And in my view, Your Honor — How quickly do you think your appeal could be heard? Well, the appeal is being heard. It's being — I have to have my briefs in three weeks. So we're not — we're not delaying anything, Your Honor. I want — I really want to argue this appeal. As you can see, I believe in this appeal. I've been doing this for almost 50 years. I've hated the Klein Doctrine since the day that I was first introduced to it by Boris Kostelanitz. I hate it today, and I'll hate it until Your Honor do it — take it and put an end to it. And that's what — you know, it's what I've been doing my entire life, and it's what I intend to do until the day I die. There you go. Thank you very much, Mr. Inans. Let's hear from the government, Ms. Kamal. You don't have to leave, Mr. Inans. May it please the Court, Jelan Kamal on behalf of the United States, and I handled this matter with my colleagues before the district court as well. So I'd like to start where my colleague, Mr. Mann, was at the end. This is a simple bail issue, Your Honors, and it is not whether or not 100 years of Supreme Court case law, which was incorporated into this Court's case law back in 1957, should be overheard today, should be heard again today. We are here governed by 18 U.S.C. 3143b1, and under that statute and its provisions, the defendant's motion should be denied. To be clear, the government is not arguing that Mr. Lingatt presents a danger to the community or that he presents risk of flight, but he simply has not and cannot establish that his appeal presents a substantial question of law when the issue here is one the issue presented is one that is completely settled by this circuit's case law and by the Supreme Court. Well, what if we agree with him that the trend in the Supreme Court's case law is points in a different direction than Klein? And so the question to be decided in the appeal is whether it does so so strongly that it casts doubt on our prior precedents such that it's no longer valid. Maybe we want to decide that it's likely that he's going to prevail on that question, but that is a substantial question, right? And if he did prevail, that would lead to a vacant error of his sentence, right? So the substantial question here has to be a close one, and I think the panel just recognized it a moment ago, right? A substantial question under the interpretation of the bail statute here means one that is close. And this one is not close. I recognize, Judge Menascu, that you've pointed to a trend in the law that seems to be, and by the law I mean the Supreme Court's recent law, narrowing the scope of Federal criminal statutes. But not one of the precedents that Mr. Mann has cited in his briefs or that we can point to as being part of this trend, none of them have addressed 371, the conspiracy statute. They have all addressed other aspects of Federal criminal law. And so here, it really is not a close question whether or not this statute, 371, is itself somehow in danger of being overruled. And on that basis, within the confines of 18 U.S.C. 3143, we are here confined by the court's precedent and by the Supreme Court's precedent. And until the Supreme Court indicates or an en banc panel of this Court indicates that it is revisiting the scope of 371, this bail appeal should be foreclosed. When we think about where it's a close question, are we thinking only about our own decision, or is the possibility that the Supreme Court might revisit the question, is that relevant to the bail decision? Here, Your Honor, I mean, we would have to see some kind of intervening precedent that addressed the viability of 371 in the Klein conspiracy doctrine. And we haven't, either in the circuit's case law or in the Supreme Court's case law. So to be clear, absent some hypothetical you have in mind, but I don't, that is not the universe in which this particular appeal on this record is presenting. Have other circuits – I didn't see your opponent arguing that other circuits have tagged this and seen the trend drifting away from the Klein theory. Have other circuits noted that and tugged at Klein or not? I can't think of a case off the top of my head, Your Honor. To be clear, the trend that I believe my colleague was talking about was this larger trend of recent Supreme Court cases that have more, that have narrowed the scope of certain criminal statutes. And as we heard from Mr. Mann moments ago, there are certainly those in the defense bar who have always had it out for the Klein doctrine. That notwithstanding, this Court's precedent is clear and the Supreme Court's precedent is clear. What about the change in the tax code that Mr. Mann mentioned? The change in the court's tax code, it is not clear either to the government and certainly hasn't been recognized by this Court that it affects in any way the scope of the 371 Klein conspiracy doctrine. So whatever changes may be occurring in that part of the code, there has been no recognition by this Court or anywhere else that that narrows the scope of Klein. Now, to be sure, Mr. Mann has the opportunity to present all of these arguments to Your Honors or another collection of your colleagues at a later point. That is the point of his appeal. His client proceeded to trial and has all of those rights preserved. And those arguments can be presented there. But for these purposes, under the 18 U.S.C. 3143, he has not presented a substantial question upon which he would prevail, and therefore the application for bail pending appeal should be denied.  Thank you very much, Nick. Kamal, the motion is submitted.